<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| MICHAEL WEST,<br><br>            Plaintiff,<br><br>v.<br><br>MICHAEL C. WOYCE *et al.*,<br><br>            Defendants. | Civil Action No. 26-3586 (SDW) (SDA)<br><br>**WHEREAS OPINION**<br><br>April 13, 2026 |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon *pro se* Plaintiff Michael West's Complaint ("Compl.") received on April 8, 2026 (D.E. 1) and Application to Proceed *in forma pauperis* ("IFP Application") filed on the same day (D.E. 1-2), and this Court having reviewed Plaintiff's submissions; and

**WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff demonstrates that he or she is "unable to pay such fees."  28 U.S.C. § 1915(a)(1); and

**WHEREAS** when a litigant petitions the Court to proceed without the prepayment of fees, the Court has an obligation to screen the complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B); and

1

**WHEREAS** the legal standard for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) is the same as that applied under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). To survive a motion to dismiss, a plaintiff must allege sufficient facts for the court to reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

**WHEREAS** claims arising under 42 U.S.C. § 1983 have a two-year statute of limitations in New Jersey, borrowed from the state's personal injury torts statute. *Nguyen v. Pennsylvania*, 906 F.3d 271, 273 (3d Cir. 2018); N.J. Stat. Ann. § 2A:14-2. Here, Plaintiff appears to base his claims on § 1983, but cites events dating from 2010 to 2020. (Compl. at 2–3.) Thus, all of Plaintiff's claims are time-barred and the Complaint is dismissed for a failure to state a claim.

**WHEREAS** Plaintiff's IFP Application similarly fails to provide the required information. Plaintiff has written a value of zero for every single line of the IFP Application and has failed to provide any information about his monthly income, any assets, or monthly expenses. (*See generally* IFP Application.) This Court will therefore deny Plaintiff's request to proceed *in forma pauperis*.

Therefore, Plaintiff's IFP Application is **DENIED**, and the Complaint is *sua sponte* **DISMISSED**. An appropriate order follows.

          /s/ Susan D. Wigenton
        **SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:     Parties
        Stacey D. Adams, U.S.M.J.