<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| MICHAEL WEST, | Civil Action No. 26-3586 (SDW) (SDA) |
| Plaintiff, | |
| v. | **WHEREAS OPINION** |
| MICHAEL C. WOYCE *et al.*, | May 28, 2026 |
| Defendants. | |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon *pro se* Plaintiff Michael West's ("Plaintiff") Motion for Reconsideration ("Motion" (D.E. 5)) filed in connection with this Court's April 14, 2026 Opinion and Order dismissing Plaintiff's Complaint and denying his Application to Proceed *in forma pauperis* (D.E. 3, 4); and

**WHEREAS** "[t]he purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).  A motion for reconsideration has merit only when the movant shows "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct [a] clear error of law or prevent manifest injustice." *Id.*; and

**WHEREAS** although the Third Circuit has "never adopted strict or precise definitions for 'clear error of law or fact' and 'manifest injustice,'" it has suggested "there is substantial, if not

1

complete, overlap between the two concepts," with the focus being "on the gravity and overtness of the error." *In re Energy Future Holdings Corp.*, 904 F.3d 298, 311–12 (3d Cir. 2018).  A litigant "must show more than mere disagreement with [an] earlier ruling," he or she must show "a direct, obvious, [or] observable error," and "one that is of at least some importance to the larger proceedings." *Id.* at 312 (second alteration in original) (quoting *Manifest Injustice*, Black's Law Dictionary (10th ed. 2014)).  *Cf. Rich v. State*, 294 F. Supp. 3d 266, 272 (D.N.J. 2018) ("A court commits clear error of law 'only if the record cannot support the findings that led to the ruling.'" (quoting *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010)); and

**WHEREAS** motions for reconsideration are "extremely limited procedural vehicle(s)" that are to be granted "very sparingly." *Clark v. Prudential Ins. Co. of Am.*, 940 F. Supp. 2d 186, 189 (D.N.J. 2013).  "Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for re[consideration]." *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999); and

**WHEREAS** Plaintiff's Motion must be denied because it fails to identify any intervening change in the relevant law, new evidence that was unavailable at the time this Court entered its order, or an error of fact or law that, if left uncorrected, would result in manifest injustice. Moreover, Plaintiff has failed to carry his burden of establishing that he is entitled to relief under a motion for reconsideration; therefore,

Plaintiff's Motion is **DENIED**.  This case shall remain closed.  An appropriate order follows.

_____/s/ Susan D. Wigenton_____
**SUSAN D. WIGENTON, U.S.D.J.**

2

Orig: Clerk
cc: Parties
Stacey D. Adams, U.S.M.J.